# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
### SOUTHERN DIVISION
#### No. 7:21-CR-95-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| CLARENCE JAMAR GRAHAM, | ) | |
| | ) | |
| Defendant. | ) | |

On August 22, 2022, with a written plea agreement, Clarence Jamar Graham ("Graham" or "defendant") pleaded guilty to conspiracy to distribute 400 grams or more of fentanyl in violation of 21 U.S.C. § 846 and possession with intent to distribute 40 grams or more of fentanyl in violation of 21 U.S.C. §§ 841(a)(2) and 2 [D.E. 95, 97]. On November 29, 2023, the court sentenced Graham to 300 months' imprisonment [D.E. 218, 219, 220, 230]. See United States v. Graham, No. 23-4771, 2025 WL 40551, at *1–2 (4th Cir. Jan. 7, 2025) (per curiam) (unpublished). Graham appealed his sentence as substantively unreasonable. See id. On January 7, 2025, the United States Court of Appeals for the Fourth Circuit enforced the appellate waiver in Graham's plea agreement, dismissed Graham's appeal as to the issues covered by the appellate waiver, and affirmed as to any issue not covered by the appellate waiver. See id.

On April 21, 2025, proceeding pro se, Graham filed a motion to vacate under 28 U.S.C. § 2241. See [D.E. 244]. Graham argues that the court violated his constitutional rights and the Federal Rules of Criminal Procedure, and Graham asks the court to strike his charges and criminal conviction, vacate the judgment, and discharge him from prison. See id. at 2, 8.

Graham's section 2241 motion seeks to challenge his conviction and sentence. To do so, Graham must file a motion under 28 U.S.C. § 2255. The court may construe Graham's section 2241 motion as one seeking relief under section 2255 if Graham consents. See Castro v. United States, 540 U.S. 375, 381–82 (2003). A court, however, cannot "recharacterize a pro se litigant's motion as the litigant's first [section] 2255 motion unless the court informs the litigant of its intent to recharacterize, warns the litigant that the recharacterization will subject subsequent [section] 2255 motions to the law's 'second or successive' restrictions, and provides the litigant with an opportunity to withdraw, or amend, the filing." Castro, 540 U.S. at 377; see United States v. Blackstock, 513 F.3d 128, 134–35 (4th Cir. 2008). The court informs Graham that second or successive motions under section 2255 are generally prohibited and would have to be certified by a panel of the appropriate court of appeals under limited circumstances. See 28 U.S.C. § 2255(h). Certifications for second or successive motions to vacate are rarely granted. The court also informs Graham that the Antiterrorism and Effective Death Penalty Act provides that section 2255 motions have a one-year statute of limitations period. See id. § 2255(f).

The clerk shall send Graham a form section 2255 petition together with this order. Graham may express his consent by refiling all the section 2255 claims that he wishes to raise on the court's form section 2255 petition on or before June 17, 2026. See Castro, 540 U.S. at 383. If Graham does not respond to this order, the court will not recharacterize the section 2241 motion as one seeking relief under section 2255 and will rule on the claims in Graham's motion as he has presented them.

In sum, the court DIRECTS the clerk to send defendant a form section 2255 motion together with a copy of this order. Defendant shall have until June 17, 2026, to file any response

2

to this order. The response of the United States to any of defendant's filings is extended until July 27, 2026.

SO ORDERED. This 18 day of May, 2026.

_____
JAMES C. DEVER III
United States District Judge

3